UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0411 (2) (JNE/TNL) |
| Plaintiff, | |
| | ORDER |
| v. | |
| ADRIAN LAMONT KINERD, | |
| Defendant. | |

Under 18 U.S.C. § 3582(c)(2), a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may seek a reduction in sentence based on that lowered sentencing range. Section 3582(c)(2) is limited — it requires that a defendant's sentence be based on a sentencing range established by the Sentencing Guidelines; that the sentencing range be lowered by the Sentencing Commission following the imposition of the defendant's sentence; and that, should those conditions apply, any reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission. Only when each of these circumstances applies is a defendant entitled to relief under § 3582(c)(2).

Defendant Adrian Lamont Kinerd pleaded guilty to aiding and abetting armed bank robbery in violation of 18 U.S.C. § 2113. The plea agreement stipulated to a specific sentence of 63 months' imprisonment pursuant to Fed. R. Crim. P. 11(c)(1)(C). At sentencing, the Court calculated Kinerd's offense level under § 2B3.1 of the Sentencing Guidelines to be 25. With a criminal-history category of I, this resulted in a recommended sentencing range of 57-71

months' imprisonment. The Court imposed a 63-month term of imprisonment, as stipulated by the parties. Kinerd now seeks a reduced sentence pursuant to § 3582(c)(2).

There is a fatal problem with Kinerd's primary claim under § 3582(c)(2): the sentencing range for his offense has not been lowered by the Sentencing Commission since the time of his sentencing. Kinerd cites recent amendments to the sentencing guidelines for *drug* offenses, but Kinerd did not commit a drug offense, and his recommended sentencing range was determined by using the guideline for "robbery, extortion, and blackmail" offenses. *See* U.S.S.G. § 2B3.1. Kinerd's offense level, criminal-history category, and recommended sentencing range would be the same today as on the day he was sentenced. Kinerd cannot seek relief based upon a reduced sentencing range when the sentencing range for his offense has not, in fact, been reduced by the Sentencing Commission.

This disposes of Kinerd's request for relief under § 3582(c)(2). Nestled into Kinerd's motion, however, are several claims that have nothing to do with § 3582(c)(2). Specifically, Kinerd argues (1) that the three-year term of supervised release imposed by this Court was longer than necessary; (2) that his conditions of supervised release are vague and unduly onerous; (3) that the Federal Bureau of Prisons improperly refuses to credit time he spent detained during the criminal proceedings towards his sentence; and (4) that the legality of his sentence is implicated by *Johnson v. United States*, 135 S. Ct. 2551 (2015). This Court will briefly examine each of these claims in turn.

First, Kinerd asks that his term of supervised release be reduced from three years to one. This Court lacks authority to do so until Kinerd has, at a minimum, completed his first year of supervised release. *See* 18 U.S.C. § 3583(e)(1). But even if this Court did have authority to

reduce Kinerd's supervised-release term at this time, it would not do so, as the Court remains satisfied that a three-year term of supervised release is sufficient, but not greater than necessary, to address the factors set forth in 18 U.S.C. § 3553(a) in this case.

Second, Kinerd argues that the conditions of supervised release imposed upon him are not adequately tailored to his specific needs and are therefore legally suspect. This challenge should have been raised on direct appeal, in a motion pursuant to 28 U.S.C. § 2255, or in a motion to correct a sentence brought under Fed. R. Crim. P. 35, not in a motion under § 3582(c)(2) (which has nothing to do with conditions of supervised release). *See United States v. Powers*, No. 13-CR-0089 (SRN), 2015 WL 5690973, at *12 (D. Minn. Sept. 28, 2015) (collecting cases). In addition, although the Court "may modify, reduce, or enlarge the conditions of supervised release" at any time, *see* 18 U.S.C. § 3583(e)(2), it remains satisfied that the conditions imposed upon Kinerd are entirely consistent with the factors set forth in § 3583(d) and appropriately tailored to Kinerd's specific circumstances.

Third, Kinerd challenges the prison release date calculated by the Federal Bureau of Prisons. Again, though, this claim is entirely unrelated to § 3582(c)(2). If Kinerd believes that the sentence imposed by this Court is being carried out by the Federal Bureau of Prisons in a manner inconsistent with the law, he may request habeas corpus relief pursuant to 28 U.S.C. § 2241 in the District where he is confined — in Kinerd's case, the United States District Court for the Northern District of Ohio. This Court lacks authority to consider such a habeas claim brought by Kinerd while he is detained outside of this jurisdiction. *See* 28 U.S.C. § 2241(a).

Fourth, Kinerd suggests that the legality of his sentence is called into question by *Johnson*. If Kinerd believes that his sentence "was imposed in violation of the Constitution or

laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," then he may formally move for relief pursuant to § 2255 raising a claim under *Johnson*. Kinerd is warned, however, that the ability of prisoners to bring "second or successive" motions under § 2255 is greatly restricted. *See* 28 U.S.C. § 2255(h).[1] This Court declines to give Kinerd a free bite at the apple and rule on a claim offered in the guise of § 3582(c)(2) that should, in actuality, have been brought under § 2255.

For those reasons, Kinerd's motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant Adrian Lamont Kinerd's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) [ECF No. 85] is DENIED.

Dated: August 3, 2016              s/Joan N. Ericksen
                                   Joan N. Ericksen
                                   United States District Court Judge

---

[1] Kinerd is also warned that a one-year limitations period applies to claims under § 2255, usually starting on "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1).